IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

Case No. 2:24-cr-131

v.

Judge Graham

Scott Allan Chappelle

Opinion and Order

This matter is before the Court on Defendant Scott Allan Chappelle's motion for early termination of supervised release. Defendant pleaded guilty to one count of tax evasion in violation of 26 U.S.C. § 7201. On October 11, 2022, Defendant was sentenced in the Western District of Michigan to a term of imprisonment of 38 months and a 3-year term of supervised release. Defendant was ordered to pay a $150,000 fine and restitution in the amount of $1,233,836.48. Defendant commenced his term of supervision on February 27, 2024.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances-such as exceptionally good behavior." *United States v. Atkin*, 38 Fed. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Under 18 U.S.C. §3583(e),

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1). In addressing a motion for early termination, the Court should consider the relevant sentencing factors under 18 U.S.C. § 3553(a). *United States v. Tavarez*, 141 F.4th 750, 758 (6th Cir. 2025).

In his motion, Defendant states that he has fully complied with the conditions of his supervised release and is not in need of treatment or programming. He further states that he is a first-time offender, has no history of violence, and is not a threat to the community. Defendant adds that he is working full time in real estate. He has recently paid the full amount of his fine and restitution obligation. The Government and probation officer have no opposition to the motion.

The Court finds that the motion for early termination of supervised release should be granted. Defendant has served 31 months of his 36-month term of supervised release and thus is eligible for early termination. The Sixth Circuit directs courts to consider the following sentencing factors in connection with a motion for early termination of supervised release:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentence and sentencing range established from the defendant's crimes;
>
> (4) pertinent policy statements issued by the United States Sentencing Commission;
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (6) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D) & (4)–(7)); *Tavarez*, 141 F.4th at 758. The Court is not required to "articulate its analysis of each sentencing factor as long as the record demonstrates that the Court considered the relevant factors." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

The Court finds the first, second, and sixth factors to be most relevant. First, on one hand, Defendant's offense was serious and involved a partial failure to withhold and pay federal income, Social Security, and Medicare taxes on his business operations and an attempt to evade paying penalties to the IRS. But as Defendant notes, he has no criminal history otherwise. Second, there is no indication on the record of a risk of recidivism or any further need to protect the public. And as to the sixth factor, Defendant has fully paid his restitution obligation.

In light of these factors and Defendant's successful adjustment while on supervision, the Court hereby GRANTS the motion for early termination of supervised release (Doc. 13).

Date: October 5, 2026

*s/ James L. Graham*
James L. Graham
United States District Judge